UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| YADIRA NIEVES FRAUSTO, *et al.*, ) | |
| ) | |
| Plaintiffs ) | |
| ) | No. 3:12-0761 |
| v. ) | Judge Campbell/Bryant |
| ) | **Jury Demand** |
| COOPER TIRE & RUBBER COMPANY, ) | |
| ) | |
| Defendant ) | |

<u>**MEMORANDUM AND ORDER**</u>

Plaintiffs have filed their motion to compel responses to their requests for production (Docket Entry No. 30). Defendant Cooper Tire & Rubber Company ("Cooper") has filed a response (Docket Entry No. 33), and Plaintiffs have filed a reply (Docket Entry No. 42). Cooper thereafter filed a notice attaching certain supplemental authority (Docket Entry No. 43).

For the reasons stated below, the undersigned Magistrate Judge **GRANTS** in part and **DENIES** in part Plaintiffs' motion to compel.

**STATEMENT OF THE CASE**

Plaintiffs Frausto, Hiett and Noffsinger have filed this diversity product liability action against Defendant Cooper, asserting strict liability and negligence claims in the design and manufacture of a tire. Plaintiff Frausto sues individually and as surviving spouse of Liovardo Sanches, deceased, and as natural guardian and next friend of J.S. and E.S., minors. Plaintiff Hiett sues as natural guardian and next friend of C.S., a minor, and

Plaintiff Noffsinger sues as natural guardian and next friend of J.F., a minor.

Cooper has filed an answer denying liability and asserting affirmative defenses.

## SUMMARY OF THE FACTS

On July 13, 2011, Liovardo Sanches was driving his 1984 Ford Ranger pickup truck westbound in the left lane of Interstate 24 in Montgomery County, Tennessee. His minor sons, C.S. and J.F., were traveling with him as passengers. The left front tire on Sanches's truck allegedly suffered a tread separation. The truck departed the roadway to the left and traveled approximately 75 yards in the median before striking a tree. Sanches suffered injuries which proved to be fatal, and the two minor passengers, C.S. and J.F., also suffered serious injuries requiring hospitalization.

The tire that failed ("Accident Tire") was a Sigma Supreme TR tire, size P225/60R15, that had been manufactured by Defendant Cooper at its Tupelo, Mississippi, plant during the week of November 16-22, 2003.

Plaintiffs' claim that the Accident Tire was defective and unreasonably dangerous due to design and manufacturing defects. Cooper has denied all allegations of liability and has asserted affirmative defenses.

Plaintiffs have filed their motion to compel seeking an order requiring Cooper to serve supplemental responses to 73 requests for production (Docket Entry Nos. 30 and 30-1).

## ANALYSIS

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides generally that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. The Court is granted wide discretion to manage discovery. *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007). District courts are empowered to limit discovery if the information sought is overly broad or imposes an undue burden on the party from whom discovery is sought. *John B. v. Goetz*, 879 F. Supp. 2d 787, 860 (M.D. Tenn. 2010).

Although Plaintiffs have attached to their motion a copy of Cooper's responses to all 73 requests (Docket Entry No. 30-1), their motion to compel focuses on those requests to which Cooper has objected on grounds of excessive scope – both with respect to the number of Cooper tire models to be included and with respect to time. Specifically, Plaintiffs allege five different design and manufacturing defects with respect to the Accident Tire: (1) inadequate bonding of tire components due to deficient skim rubber; (2) lack of nylon overlays; (3) inadequate belt edge wedging; (4) inadequate inner liner; and (5) inadequate anti-oxidant package, primarily in the skim stock (Docket Entry No. 30 at 3-5).

3

Plaintiffs argue that Cooper should be required to produce responsive materials not only with respect to tires sharing the same specifications as the Accident Tire, but also all other Cooper passenger and light truck tires that share the foregoing five design and manufacturing characteristics with the Accident Tire. Cooper, in response, argues that the only "substantially similar" tires to the Accident Tire are those tires made pursuant to the same Green Tire Specification – GTS 2482. Further, Cooper asserts that its responses should be limited to GTS 2482 tires built at its Tupelo, Mississippi, manufacturing plant (Docket Entry No. 33 at 5-12).

This heated dispute over the proper scope of discovery is apparently a frequent battleground in tire product liability cases. The parties have both cited numerous decisions by various courts that have decided scope-of-discovery issues in tire cases in different ways. The undersigned Magistrate Judge finds these cases, although helpful, to be based upon different facts and, therefore, not controlling with respect to the issues presented by Plaintiffs' motion.

Following review of the motion papers and supporting documents filed by the parties, the undersigned Magistrate Judge **GRANTS** in part and **DENIES** in part Plaintiffs' motion to compel. Although Plaintiffs' motion failed to address specific requests by number, the undersigned will do so, as follows:

4

Requests Nos. 1 through 12. Plaintiffs' motion to compel fails to address specifically Cooper's responses to Requests Nos. 1 through 12, and, insofar as the undersigned is able to understand, Plaintiffs' motion also fails to address these requests by implication. Certainly, the motion fails to state a ground for compelling further responses to these specific requests as required by Local Rule 37.01(b)(2). Therefore, Plaintiffs' motion to compel further responses to these 12 requests is **DENIED**.

Requests Nos. 13 through 20. Requests Nos. 13 through 20 request certain Cooper records regarding blistered liners, air pockets or air bubbles, tread separations, tread/belt separations, belt edge separations in Cooper steel-belted radial passenger or light truck tires as well as records of the "tire durability team" and "light truck tire durability team" and durability improvement meetings at Cooper. Cooper has lodged various objections to these requests, including objections to the number of allegedly dissimilar tires involved and the allegedly excessive time periods contained in these requests. Cooper also states in response to Requests Nos. 16, 17, 18 and 19 that it has located no responsive document "specifically related to GTS 2482." The undersigned Magistrate Judge finds that Cooper shall produce any responsive documents pertaining to tires built to GTS 2482, regardless of the plant at which the tires were built, and, with respect to Requests Nos. 16-19, Cooper shall produce responsive documents that, although not "specifically related to GTS 2482," relate to a larger

5

group or category of tires that includes GTS 2482 tires. Cooper shall produce responsive documents dated from January 1, 1995, to January 1, 2005.

Requests Nos. 28 through 32. Requests Nos. 28 through 32 seek production of certain adjustment records for Cooper Sigma Supreme and other lines of steel-belted radial passenger or light truck tires as well as other documents reflecting injuries, accidents, failures in service, malfunctions, or tread separations in such tires. The undersigned finds that Cooper shall produce responsive documents limited to tires built to the GTS 2482 specification, regardless of plant of manufacture, from five years before the date of manufacture of the Accident Tire through January 1, 2005.

Requests Nos. 33 and 34. These requests seek adjustment records for all Cooper Sigma Supreme tires manufactured outside and inside the United States from 1990 through 2000. Except for the production ordered in response to other requests, Plaintiffs' motion to compel with respect to these two requests is **DENIED**.

Requests Nos. 35 through 39. These requests seek dealer adjustment claim forms, periodic reports of adjustments, reports of tread belt separation failures for various categories of Cooper tires for the period five years before the date of manufacture of the Accident Tire through the present. The undersigned Magistrate Judge finds that Cooper shall produce responsive documents limited to tires built to the GTS 2482 specification, regardless of plant

6

of manufacture, for the period beginning five years before date of manufacture of the Accident Tire through January 1, 2005.

Request No. 42. Request No. 42 seeks documents reflecting changes or modifications to steel-belted radial passenger or light truck tires, or to the manufacturing process for such tires, for the purpose of reducing the potential for tread belt separation, that were considered, or considered but rejected, by Cooper. Cooper has agreed, subject to entry of an appropriate protective order, to produce certain information regarding tires built to the GTS 2482 specification manufactured at the Tupelo, Mississippi, plant. In addition to these documents offered by Cooper, the undersigned finds that Cooper shall produce responsive information regarding tires built to the GTS 2482 specification, regardless of the plant of manufacture, as well as responsive documents pertaining to any larger group or category of tires that included GTS 2482 tires.

Requests No. 43 through 45. These three requests seek copies of complaints and other documents evidencing legal claims filed against Cooper arising from alleged tire failure. The undersigned finds that Cooper shall produce copies of all complaints alleging defect or negligent manufacture of tires built to the GTS 2482 specifications, regardless of plant or date of manufacture.

Request No. 46. Request No. 46 seeks written, photographic or video documentation reflecting the effects of numerous factors upon the performance of steel-belted radial

7

passenger tires in the event of tread separations and/or deflation during highway driving conditions. Cooper has responded that it is not aware of responsive documents "specifically related to tires built to GTS 2482." The undersigned Magistrate Judge finds that Cooper shall produce responsive materials not only related specifically to tires built to the GTS 2482 specification, but also any responsive materials relating to any larger group or category of tires that includes GTS 2482 tires.

<u>Requests Nos. 52, 53 and 54</u>. These three requests seek materials, interrogatory answers, depositions, documents produced, and depositions of Cooper employees taken in other named lawsuits. Other than the single common element – that Cooper was a defendant in these other cases – Plaintiffs wholly fail to demonstrate that the materials sought are relevant to any party's claim or defense in this case. Therefore, Plaintiffs' motion to compel further responses to these three requests is **DENIED**. <u>Request No. 56</u> is also **DENIED** for the same reason.

<u>Requests Nos. 58 and 59</u>. Requests No. 58 seeks certain communications to Cooper from any vehicle manufacturer regarding several broad topics, and Request No. 59 seeks production of "claims tires stored at Cooper Tire's Findlay, Ohio, facility." These two requests are not addressed specifically in Plaintiffs' motion to compel, as required by Local Rule 37.01(b)(2), nor have Plaintiffs made any showing that these requested materials are relevant to a claim or defense of any party. For these reasons,

8

Plaintiffs' motion to compel with respect to Requests Nos. 58 and 59 is **DENIED**.

Request No. 60. Request No. 60 seeks memos to and from Richard Stephens regarding tread separations from 1989 through the present. Cooper has responded that it is not aware of any responsive documents "specifically related to tires built to GTS 2482." The undersigned finds that Cooper shall produce responsive documents that relate not only to tires built to GTS 2482, but also to any larger group or category of Cooper tires that would include tires built to GTS 2482. Further, Cooper shall produce responsive documents dated from January 1, 1995, through January 1, 2005.

Request No. 61. Request No. 61 seeks production of a multitude of documents, identified only by Bates numbers, apparently produced in other lawsuits or legal proceedings. The request wholly fails otherwise to identify any documents by title or subject. The undersigned finds that Plaintiffs have failed to carry their burden to demonstrate that these requested documents are relevant to the claims or defenses or any party in this action. For this reason, Plaintiffs' motion to compel further response to Request No. 61 is **DENIED**.

Requests Nos. 65 and 66. These two requests seek production of all claims tires returned to Cooper and all tread separated tires involved in litigation against Cooper which have been returned to Cooper. The undersigned Magistrate Judge finds these requests to be excessively broad in that they are not limited

9

in any way with respect to types of tires, specifications of tires, or similarity to the Accident Tire. For this reason, the undersigned Magistrate Judge **DENIES** Plaintiffs' motion to compel with respect to Requests Nos. 65 and 66.

Request No. 69. This request seeks all Cooper records reflecting the use of belt edge gum strips in passenger and light truck tires reflecting the effect on durability before, during and after the use of belt edge gum strips, reasons for incorporating belt edge gum strips, reasons for removing belt edge gum strips, the cost of belt edge gum strips, and their effect on tread belt separations. In response, Cooper has agreed, subject to an appropriate protective order, to produce certain records pertaining to tires manufactured to GTS 2482 at its Tupelo, Mississippi, plant. The undersigned Magistrate Judge finds that Cooper shall produce, in addition to responsive information relating specifically to tires built to GTS 2482, any other responsive information relating to a larger group or category of tires that would include tires built to GTS 2482. Cooper shall produce such responsive documents dated from January 1, 1995, through January 1, 2005.

To the extent that certain numbered requests for production have not been specifically addressed by number above in this memorandum and order, the undersigned finds either that either Cooper's response is sufficient or that Plaintiffs' motion to compel has failed specifically to address such requests. In both

10

instances, the undersigned Magistrate Judge finds that Plaintiffs' motion to compel should be **DENIED** with respect to any numbered requests not specifically mentioned above. Moreover, to the extent that any request specifically referenced above seeks production beyond that ordered herein, Plaintiffs' motion to compel is **DENIED.**

Any supplemental production of documents by Cooper required by this order shall be made no later than **October 31, 2013.**

It further appears from the parties' motion papers that Cooper has offered to produce certain additional responsive information upon the entry of a suitable protective order. However, it appears that the parties have been unable to agree on the terms of a protective order because Plaintiffs insist that such an order contain a provision that would provide automatic authentication for any documents produced by Cooper. Cooper, for its part, has objected to the inclusion of a provision providing for such automatic authentication.

The undersigned Magistrate Judge finds that automatic authentication is not an essential part of a protective order, and that Plaintiffs make seek to have documents authenticated by means of requests for admission directed to Cooper or, if necessary, a Rule 30(b)(6) deposition of Cooper's records custodian. Accordingly, in order to break this log jam in discovery, the undersigned Magistrate Judge will enter, contemporaneously with this order, a protective order providing reasonable protection for

confidential or proprietary information to be produced in this action by the parties.

It is so **ORDERED**.

                                                     /s/ John S. Bryant
                                                    JOHN S. BRYANT
                                                    United States Magistrate Judge