UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| YADIRA NIEVES FRAUSTO, *et al.*, ) | |
| ) | |
| Plaintiffs ) | |
| ) | No. 3:12-0761 |
| v. ) | Judge Campbell/Bryant |
| ) | **Jury Demand** |
| COOPER TIRE & RUBBER COMPANY, ) | |
| ) | |
| Defendant ) | |

### MEMORANDUM AND ORDER

Defendant Cooper Tire & Rubber Company has filed its emergency motion for entry of protective order prohibiting the deposition of Bruce Currie in conflict with August 6, 2013, agreed judgment (Docket Entry No. 87). Plaintiffs have filed a response in opposition (Docket Entry No. 89).

For the reasons stated below, Defendant's emergency motion for protective order is **DENIED**.

### SUMMARY OF PERTINENT FACTS

From the motions papers of the parties, it appears undisputed that the proposed deponent, Bruce Currie, was formerly an employee of Defendant Cooper Tire & Rubber Company "for decades," and that he held various employment positions in manufacturing and design with the company. Defendant states that, beginning in approximately 1999, Mr. Currie began working in Cooper Tire's Technical Standards and Technical Relations Department. In these positions, Currie allegedly examined tires that were the subject of civil litigation, consumer claims and adjustments, and coordinated the processing and defense of these claims with

Cooper's in-house and outside counsel. Currie's work exposed him to Cooper's trade secrets, its attorney-client communications, and attorney work product information.

In 2005, Currie retired from full-time employment at Cooper Tire and commenced a business as a forensic expert consultant and witness in tire litigation. According to Cooper Tire, Currie thereafter accepted employment as an expert witness for Mr. Bruce Kaster, counsel for Plaintiffs in this case. Despite Cooper Tire's admonitions to Mr. Currie that he was not at liberty to disclose confidential, trade secret, and privileged information gained while an employee of Cooper Tire, Defendant asserts that on multiple occasions Currie made himself available for expert deposition testimony for Mr. Kaster and his law partners. Currie's testimony in these depositions was expert in nature, and allegedly did not relate to nonprivileged facts of which Currie may have had first-hand knowledge.

Cooper alleges that it filed suit against Currie in the Court of Common Pleas of Hancock County, Ohio, to enforce Currie's obligations of confidentiality and to obtain a court declaration prohibiting Currie's efforts to be paid for disclosure of Cooper Tire's trade secrets and technical information. Mr. Kaster, along with other lawyers, represented Currie in this litigation. This case resulted in an agreed judgment entered on August 6, 2013 (Docket Entry No. 87-2).

Plaintiffs have served notice of their intention to take a deposition of Mr. Currie on August 13, 2014, in Ocala, Florida (Docket Entry No. 88).

**ANALYSIS**

Defendant Cooper Tire has filed its emergency motion seeking a protective order prohibiting the deposition of Bruce Currie pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. As grounds, Cooper Tire first states that Currie has no factual testimony to offer in this case. Specifically, Cooper Tire asserts that the accident tire in this action was manufactured at its Tupelo, Mississippi, plant in November 2003 at a time when Currie was working in Ohio. Therefore, Currie has no first-hand information about the manufacture of the subject tire.

Next, Cooper Tire argues that allowing Currie to offer what is in effect expert testimony by calling it "factual" is merely an act of legal sophistry and a deliberate attempt to circumvent and thwart the effect of the agreed judgment entered in Ohio state court.

Finally, Cooper Tire argues that deposing Currie, who holds himself out as a forensic tire expert consultant and witness, as a "fact" witness is inappropriate, and to allow Currie to profit by disclosing proprietary, confidential, trade secret, and privileged information that he obtained while employed by Defendant Cooper Tire is inappropriate, if not unethical, and should be prohibited.

In response, Plaintiffs say that Currie does possess factual information that he may offer in testimony permitted by the Ohio agreed judgment, and that he has offered such testimony in other cases since the agreement contained in the Ohio judgment. Moreover, Plaintiffs state that Currie has not been employed to provide expert testimony in this case and will not be compensated beyond what is permitted for a fact witness.

Finally, Plaintiffs argue that Cooper Tire seeks to hold Plaintiffs to an agreement to which they are not a party, and that if Cooper believes that Currie's testimony in this case violates the Ohio agreed judgment, it should seek a remedy against Currie and not Plaintiffs.[1]

Given the lack of evidence in the record about the nature of any facts known by Currie and the specifics of questions that Plaintiffs intend to ask Currie, the undersigned Magistrate Judge finds that there are no grounds at this time to prohibit the taking of Currie's deposition. Any questions that counsel might ask and the answers that Currie might give are almost wholly speculative. For this reason, Cooper Tire's motion for protective order shall be **DENIED**.

However, this ruling is without prejudice to Cooper Tire's right to seek exclusion of all or portions of Currie's

---

[1] The undersigned notes that the Ohio state court has expressly retained jurisdiction for the purpose of enforcement of its agreed judgment (Docket Entry No. 87-2 at 2).

deposition testimony later by motion *in limine* or such other sanctions as may be appropriate.

It is so **ORDERED**.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge