IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

YADIRA NIEVES FRAUSTO,       )
et al.                       )
                             ) NO. 3-12-0761
v.                           ) JUDGE CAMPBELL
                             )
COOPER TIRE & RUBBER CO.     )

MEMORANDUM

Pending before the Court is Defendant's Consolidated Motion for Summary Judgment (Docket No. 47). Defendant seeks summary judgment on all Plaintiffs' claims, summary judgment on Plaintiffs' claims not supported by Plaintiffs' sole expert witness, and summary judgment on Plaintiffs' punitive damages claims. For the reasons stated herein, Defendant's Motion for Summary Judgment is DENIED.

FACTS

This products liability action arises from a motor vehicle accident on Interstate 24 in Montgomery County, Tennessee in July of 2011. Plaintiffs assert that a tire, manufactured by Defendant Cooper Tire & Rubber Company, suffered a tread separation, causing the truck in which Liovardo Sanches and his sons were traveling to become uncontrollable, leave the roadway and strike a tree. Mr. Sanches was killed and his sons were seriously injured.

Plaintiffs are the surviving spouse of Mr. Sanches and the natural guardians and next friends of the minor children of Mr. Sanches. Plaintiffs contend that the subject tire, manufactured by Defendant, was defective and unreasonably dangerous and that Defendant knew or should have

known that the tire could suffer tread separation leading to the harm suffered by Plaintiffs. Plaintiffs allege that Defendant is liable for design defect, manufacturing defect, negligent design and manufacture, and negligent failure to warn. Defendant denies Plaintiffs' allegations and has moved for summary judgment on all claims.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

PRODUCTS LIABILITY

Under the Tennessee Products Liability Act of 1978, a products liability action includes all actions based upon the following theories, among others: strict liability in tort, negligence, and failure to warn. Tenn. Code Ann. § 29-28-102 (6). A manufacturer or seller of a product shall not be liable for any injury caused by the product unless the product is determined to be in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller. Tenn. Code Ann. § 29-28-105(a).[1]

Compliance by a manufacturer or seller with any federal or state statute or administrative regulation existing at the time a product was manufactured and prescribing standards for design, inspection, testing, manufacture, labeling, warning or instructions for use of a product, shall raise a rebuttable presumption that the product is not in an unreasonably dangerous condition in regard to those matters covered by these standards. Tenn. Code Ann. § 29-28-104(a).

Besides showing a defective or unreasonably dangerous condition, a products liability plaintiff must always prove that the unreasonably dangerous or defective condition was the proximate cause of his injury. *Davis v. Komatsu America Industries Corp.*, 46 F.Supp.2d 745, 751 (W.D. Tenn. 1999), *disagreed with on other grounds, Nye v. Bayer Cropscience, Inc.*, 347 S.W.3d

---

[1] "Defective condition" means a condition of a product that renders it unsafe for normal or anticipatable handling and consumption." Tenn. Code Ann. § 29-28-102(2). "Unreasonably dangerous" means that a product is dangerous to an extent beyond that which would by contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics, or that the product because of its dangerous condition would not be put on the market by a reasonably prudent manufacturer or seller, assuming that the manufacturer or seller knew of its dangerous condition. Tenn. Code Ann. § 29-28-102(8). Thus, Tennessee's law provides two distinct tests for ascertaining whether a product is unreasonably dangerous: the consumer expectation test and the prudent manufacturer test. *Holman v. BIC Corp.*, 925 S.W.2d 527, 531 (Tenn. 1996).

3

686 (Tenn. 2011). The issue of proximate cause is one for the factfinder to determine, unless the facts and the inferences to be drawn therefrom are beyond all reasonable dispute. *Davis*, 46 F.Supp.2d at 751.

## MOTION FOR SUMMARY JUDGMENT AS TO ALL CLAIMS

Defendant argues first that the allegations in paragraphs 11 through 16 of Plaintiffs' Complaint are simply general allegations not supported in the record. Plaintiff's original Complaint is no longer the operative Complaint in this matter, so the Court assumes that Defendant is referring to paragraphs 13 through 18 of Plaintiffs' First Amended Complaint, those paragraphs under the heading "General Allegations." Docket No. 22.

The General Allegations section of Plaintiffs' First Amended Complaint is just that: general allegations, a summary of Plaintiffs' claims.[2] Those allegations are more fully explained in the remainder of the First Amended Complaint and are supported by the statements and opinions in the reports of Plaintiffs' experts, Mr. Cottle and Mr. Gilbert.

Next, Defendant maintains that Plaintiffs have offered no evidence to support their design and manufacturing defects claims. Defendant appears to believe that opinion testimony from one expert is insufficient. *See* Docket No. 51, p. 8. There is no requirement that Plaintiffs put forth the opinions of more than one expert in order to survive summary judgment.

Plaintiffs' expert, Mr. Cottles, identified, for example, design defects in the subject tire as being the absence of nylon cap plies and the absence of belt edge gum strip. Defendant's expert may

---

[2] Defendant argues that these allegations are insufficient as a notice pleading, but this is not a Motion to Dismiss. This is a Motion for Summary Judgment, which does not test the sufficiency of the Complaint but whether there are genuine issues of material fact and Defendant is entitled to judgment as a matter of law.

disagree, but that simply creates a "battle of the experts." Mr. Cottles also identified manufacturing defects of, for example, inadequate bonding of the belt skim, inadequate oxidation resistance, irregular spacing of the belt components, and inadequate belt-to-tread ratio. Again, to the extent Defendant disagrees, those questions are left to the fact finder who will determine which witnesses to believe, in whole or in part.

Moreover, Defendant argues that Plaintiffs have not provided evidence to establish causation. Yet Plaintiffs' other expert, Mr. Gilbert, opined that the separation of the left-front tire caused the driver to lose control of the subject vehicle and crash. Mr. Cottles ruled out other non-defective causes. To the extent Defendant argues alternative, intervening or superceding causes of this crash, such as misuse or lack of maintenance, those are disputed issues which will be determined by the fact finder.

Defendant also claims that Plaintiffs' negligent design and manufacturing claims must fail.[3] Plaintiffs contend that Defendant made a deliberate choice not to remedy the tread separation problems in its radial passenger tires. To the extent those decisions were not deliberate, Plaintiffs contend they were, at a minimum, negligent.

"Negligence is ordinarily an issue to be decided by a jury and can be withdrawn from the jury only in those cases where the facts are established by evidence free from conflict and the inference from the facts is so certain that all reasonable minds must agree." *Williams v. Brown*, 860 S.W.2d 854, 857 (Tenn. 1993). Here, there are facts in dispute which preclude summary judgment on the

---

[3] Defendant argues that these claims are not alleged in the Complaint with the specificity required by the Federal Rules. Again, this is not a Motion to Dismiss. The Court must determine not whether the Complaint sufficiently alleges a plausible claim, but whether Defendant has shown that there are no genuine issues of material fact and Defendant is entitled to judgment as a matter of law.

issue of negligence. For example, assuming that Defendant owed a duty to the general public to exercise reasonable care for the safety of individuals, what care is reasonable is a question of fact, to be determined by a jury. Plaintiffs' experts have created genuine issues of material fact as to the elements of Plaintiffs' negligent design and manufacturing claims as well.

The Court has found no mention of Plaintiff's negligent failure to warn claim in the briefing on these Motions for Summary Judgment. Therefore, that claim is DISMISSED unless the Plaintiffs can point the Court to any basis for not dismissing it at this time.

## MOTION FOR SUMMARY JUDGMENT AS TO PUNITIVE DAMAGES

In a civil action where punitive damages are sought, punitive damages may only be awarded if the claimant proves by clear and convincing evidence that the defendant against whom punitive damages are sought acted maliciously, intentionally, fraudulently or recklessly. Tenn. Code Ann. § 29-39-104(a). Punitive damages shall not be awarded in any civil action when a defendant demonstrates by a preponderance of the evidence that it was in substantial compliance[4] with applicable federal and state regulations setting forth specific standards applicable to the activity in question and intended to protect a class of persons or entities that includes the plaintiff, if those regulations were in effect at the time the activity occurred. Tenn. Code Ann. § 29-39-104(e).

Plaintiffs claim that Defendant deliberately chose not to remedy known tread separation problems in radial passenger tires like the one at issue here. Plaintiffs cite the transcript from another case against Defendant concerning the radial passenger tire. Plaintiffs also contend that

---

[4] While evidence of compliance with governmental regulations is certainly evidence that a manufacturer was not reckless, it is not dispositive. *Aguirre v. Mitsubishi Motors North America, Inc.*, 2012 WL 4977065 (M.D. Tenn. Oct. 17, 2012) (citing *Flax v DaimlerChrysler Corp.*, 272 S.W.3d 521, 536 (Tenn. 2008)).

Defendant knew of the likelihood that serious harm would result to individuals like the Plaintiffs from the tread separation in these tires.

Whether Defendant's conduct was malicious, intentional, fraudulent or reckless remains a question for the jury. Whether the facts of the other case against Defendant involve the same tire is also a question of fact. What Defendant knew, when it knew it, and what it did in response to any information are also questions of fact, precluding summary judgment on Plaintiffs' punitive damages claims.

## MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' CLAIMS NOT SUPPORTED BY SOLE EXPERT WITNESS TROY COTTLES

At trial, no expert shall testify beyond the scope of his or her expert report produced and supplemented as necessary to the opposing party. Mr. Cottles is no exception. Experts may, however, supplement their reports. Fed. R. Civ. P. 26(2)(a)(2)(E) and 26(e). Should Mr. Cottles exceed the scope of his report, defense counsel should make contemporaneous objections.

Defendant's Motion for Summary Judgment on any claims not supported by Mr. Cottles is denied.

## CONCLUSION

For all these reasons, Defendant's Motion for Summary Judgment (Docket No. 47) is DENIED. This case remains set for trial on September 9, 2014.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE