UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

YADIRA NIEVES FRAUSTO, *et al.*,    )
                                    )
        Plaintiffs                  )
                                    )         No. 3:12-0761
v.                                  )         Judge Campbell/Bryant
                                    )         **Jury Demand**
COOPER TIRE & RUBBER COMPANY,       )
                                    )
        Defendant                   )

## MEMORANDUM AND ORDER

In this vigorously litigated product liability case, which has already generated more than its fair share of discovery disputes, Plaintiffs have filed their motion to permit the use of confidential documents during depositions of two former employees of Defendant (Docket Entry No. 117). Defendant Cooper Tire & Rubber Company ("Cooper Tire") has responded in opposition (Docket Entry No. 124).

For the reasons stated in this memorandum, the undersigned Magistrate Judge finds that Plaintiffs' motion to permit use of confidential material should be **GRANTED**.

## STATEMENT OF THE CASE

This is a product liability case in which Plaintiffs allege that the failure of a tire manufactured and sold by Cooper Tire caused a traffic accident that took the life of Plaintiff Frausto's husband, Liovardo Sanchez, and caused serious injuries to the two minor Plaintiffs. Plaintiffs are proceeding on legal theories of strict liability, negligence and breach of warranty. Defendant Cooper Tire has denied liability.

## PROCEDURAL BACKGROUND FOR PLAINTIFFS' MOTION

During the course of discovery, Defendant Cooper Tire has produced documents that have been designated as "confidential material" under the terms of a protective order previously entered in this case (Docket Entry No. 67). The issue presented by the pending motion is whether Plaintiffs' counsel may show these documents to deposition witnesses Dwayne Beach and Dennis Powell, who were formerly employed by Defendant Cooper Tire. Defendant objects to such disclosure on the ground that former employees of Cooper Tire are not included among the "authorized persons" listed in paragraph 7 of the protective order and, therefore, that disclosure of confidential information to Beach and Powell is prohibited by prior order of the Court.

Plaintiffs in support of their motion argue that the objection of Cooper Tire is disingenuous and amounts to an artful attempt to abuse the terms of the protective order in order to unfairly thwart Plaintiffs from obtaining favorable deposition testimony from Beach and Powell. In support of this argument, Plaintiffs argue that both Beach and Powell were long-time employees of Cooper Tire, and that after their retirement in 2011 both executed consultant agreements under which they continue to provide testimony and litigation consulting services for Cooper Tire (Docket Entry No. 117 at 1). Accordingly, Plaintiffs argue that Beach and Powell have consistently demonstrated their loyalty to Cooper Tire and the prospect that either of them would somehow misuse the subject confidential information to the detriment of

Cooper Tire is effectively zero. According to Plaintiffs, the loyalty of Beach and Powell to Cooper Tire is further evidenced by the fact that on September 21, 2014, Plaintiffs' counsel was informed by Justin McDonald, one of Cooper Tire's lawyers of record in this case, that he also was representing Beach and Powell individually. Finally, Plaintiffs argue that both Beach and Powell have previously signed confidentiality agreements prohibiting disclosure of information proprietary to Cooper Tire, and that these agreements remain enforceable. Therefore, Plaintiffs argue that no realistic possibility exists that either Beach or Powell will misuse confidential information to Cooper Tire's detriment, and that Cooper Tire's objections to showing them such information during their depositions amounts to an abuse of the terms of the protective order in order to unreasonably obstruct what is permissible discovery.

In response, Cooper Tire argues that the confidentiality agreements previously signed by Powell and Beach "cover only confidential and trade secret information that they learned **during the course of their employment with the company**." (Docket Entry No. 124 at 1). Therefore, Cooper Tire argues that these agreements do not bind Beach or Powell to confidentiality of any information they may be shown in the course of this lawsuit, and thus afford no protection for Cooper Tire's information. Cooper Tire further argues that, under the terms of the Court's protective order referenced above, neither Beach nor Powell are authorized to be shown confidential information.

First, the undersigned Magistrate Judge disagrees with defense counsel's interpretation of the confidentiality agreements previously signed by Beach and Powell (Docket Entry No. 124-1 at 2-5 and 11-15). These agreements list multiple categories of information collectively referred to as "Proprietary Information." This information is identified by its character, but not by the time when the employee may have obtained access to it. The operative language of the confidentiality provision, which appears in paragraph 1A of the agreement, states as follows: "Employee shall not disclose or divulge Proprietary Information to any person or entity at any time during the course of Employee's employment with Cooper or at any time thereafter, except as may be required in the ordinary course and good-faith performance of Employee's employment with Cooper" (emphasis added). The undersigned Magistrate Judge finds that this sentence explicitly prohibits the employee from disclosing any Proprietary Information "at any time during the course of Employee's employment with Cooper or at any time thereafter." Since the types of information included in the expansive definition of "Proprietary Information" are defined without regard to when the employee may have obtained access to it, the undersigned Magistrate Judge finds, contrary to Cooper Tire's arguments here, that these agreements would, in fact, prohibit Beach and Powell from disclosing "Proprietary Information" as defined in their agreements without regard to when they gain access to it.

Finally, the undersigned is persuaded by Cooper Tire's failure to contest the assertions that Beach and Powell have previously testified on multiple occasions on behalf of Cooper Tire both before and after they left Cooper Tire's former employment and became trial consultants, and that, in fact, Cooper Tire's counsel of record is representing Beach and Powell personally as witnesses in this case.

In summary, the undersigned Magistrate Judge finds that the confidentiality agreements that these two witnesses have previously executed in favor of Cooper Tire, as well as other factors including the fact that Cooper Tire's lawyer presently is representing them, evidence their continued loyalty to the company and render it extremely unlikely that either of these witnesses will misuse confidential information to the detriment of Cooper Tire. Therefore, the undersigned Magistrate Judge finds that these factors provide Cooper Tire reasonable protection for its confidential, proprietary information consistent with the provisions of Rule 45(c) of the Federal Rules of Civil Procedure. For these reasons, the undersigned Magistrate Judge **GRANTS** Plaintiffs' motion to permit the use of confidential documents during the depositions of Mr. Beach and Mr. Powell.

It is so **ORDERED**.

> /s/ John S. Bryant
> JOHN S. BRYANT
> United States Magistrate Judge