UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

YADIRA NIEVES FRAUSTO, *et al.*,      )
      Plaintiffs                           )
                                             )   No. 3:12-0761
v.                                                              )   Judge Campbell/Bryant
                                             )   **Jury Demand**
COOPER TIRE & RUBBER COMPANY,          )
                                             )
      Defendant                            )

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Motion to Compel Responses to Requests for Admission (Docket Entry No. 116). Defendant has responded in opposition (Docket Entry No. 123), and Plaintiffs have filed a reply (Docket Entry No. 126-1).

For the reasons stated below, and to the extent stated in this order, Plaintiffs' motion to compel responses is **GRANTED**.

## SUMMARY OF PERTINENT FACTS

On February 6, 2014, Defendant Cooper Tire & Rubber Company ("Cooper Tire"), through counsel, produced to Plaintiffs documents responsive to Plaintiffs' requests for production (Docket Entry No. 116-1). On February 11, 2014, Plaintiffs' served upon Defendant Plaintiffs' second requests for admission seeking, among other things, admissions that certain copies of documents produced by Cooper Tire are authentic (Docket Entry No. 116-2). On February 17, 2014, Plaintiffs served their third requests for admission upon Cooper Tire seeking, among other things, an admission that certain additional copies of documents produced in discovery by Cooper Tire are authentic (Docket Entry No. 116-3). In both cases, the

documents subject to the requests are identified in an exhibit by Bates number, date, author and title.

In response, Cooper Tire has objected to these requests on grounds that they are untimely, that Plaintiffs should instead have sought to establish authenticity of the subject documents by means of a deposition of the Cooper Tire records custodian, that the requests fail to comply with the requirement of Rule 36 that "each matter must be separately stated" because the subject documents are listed individually in a table attached as an exhibit to the request.

Finally, Cooper Tire objects because they are requested to admit something that they have already stipulated – that the documents produced subject to the protective order in this case contain trade secret or confidential business information of Cooper Tire (Docket Entry No. 116-4). Cooper Tire further argues in its response in opposition that Plaintiffs' requests for admission are unduly burdensome because of the number of documents involved (Docket Entry No. 123).

The undersigned Magistrate Judge finds these arguments unpersuasive.

Cooper Tire produced the subject documents in discovery on or about February 7, 2014. Within approximately four days, Plaintiffs served the second requests for admissions, and approximately nine days later Plaintiffs served their third requests for admissions regarding the documents produced by Cooper Tire. Thus, Plaintiffs served both requests for admissions relating

2

to the Cooper Tire documents within approximately 10 days after the documents were produced.

The undersigned finds that establishing authentication of produced documents is efficiently accomplished through a request for admission served pursuant to Rule 36. The undersigned further finds that the documents concerned have been sufficiently identified by Plaintiffs inasmuch as they are identified by Bates number, date, author and title. Finally, the undersigned finds that admitting the authenticity of the subject documents is not unduly burdensome to Cooper Tire, since these documents have been produced by Cooper Tire in discovery and presumably are the company's own records.

For the reasons stated above, the undersigned **GRANTS** Plaintiffs' motion to compel responses to Plaintiffs' second and third requests for admission. However, Cooper Tire shall only be required to admit that the electronic copy of the documents that are subject to these two requests are genuine and authentic. Cooper Tire shall serve responses to these requests on or before **August 7, 2014**.

It is so **ORDERED**.

                                                       /s/ John S. Bryant  
                                                       JOHN S. BRYANT  
                                                       United States Magistrate Judge