UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| YADIRA NIEVES FRAUSTO, *et al.*, ) | |
| ) | |
| Plaintiffs ) | |
| ) | No. 3:12-0761 |
| v. ) | Judge Campbell/Bryant |
| ) | **Jury Demand** |
| COOPER TIRE & RUBBER COMPANY, ) | |
| ) | |
| Defendant ) | |

**MEMORANDUM AND ORDER**

Pending in this case is Defendant Cooper Tire's Motion to Strike Deposition Testimony of Bruce Currie (Docket Entry No. 136). Plaintiffs have responded in opposition (Docket Entry No. 133).

For the reasons stated below, the undersigned Magistrate Judge finds that Defendant's motion to strike the deposition testimony of Bruce Currie should be **GRANTED.**

**SUMMARY OF PERTINENT PROCEDURAL HISTORY**

From the motion papers of the parties, it appears undisputed that Bruce Currie was formerly an employee of Defendant Cooper Tire "for decades," and that he held various employment positions in manufacturing and design with the company. Beginning in approximately 1999, Mr. Currie began working in Cooper Tire's Technical Standards and Technical Relations Department. In these positions, Currie reportedly examined tires that were the subject of civil litigation, consumer claims and adjustments, and coordinated the processing and defense of these claims with Cooper Tire's in-house and outside counsel. It appears undisputed that Currie's work exposed him to Cooper Tire's trade secrets, its

attorney-client communications, and attorney work product information.

In or about 2005, Currie retired from full-time employment at Cooper Tire and commenced a business as a forensic expert consultant and witness in tire litigation. Currie has previously been employed as an expert witness in other cases by Plaintiffs' counsel.

Cooper Tire previously filed suit against Currie in the Court of Common Pleas of Hancock County, Ohio, seeking to enforce Currie's obligations of confidentiality and to obtain a court declaration prohibiting Currie's efforts to be paid for disclosure of Cooper Tire's trade secrets and technical information. This case resulted in an agreed judgment entered on August 6, 2013 (Docket Entry No. 87-2).

Earlier in this case, after Plaintiffs served notice of their intentions to take the deposition of Currie, Defendant Cooper Tire filed an emergency motion for entry of a protective order prohibiting this deposition (Docket Entry No. 87). As grounds, Cooper Tire asserted that such deposition would violate the agreed judgment, referenced above, entered in the Ohio state court proceedings against Currie. In response, Plaintiff argued that Currie was expected to testify as a fact witness and not as an expert, and that his expected testimony, therefore, was not prohibited by the earlier consent judgment. Since the questions to be put to Currie in this proposed deposition and Currie's answers were unknown to the undersigned Magistrate Judge and therefore

speculative, the undersigned denied Cooper Tire's emergency motion for protective order without prejudice to Cooper Tire's right to seek exclusion of Currie's deposition after it had been taken (Docket Entry No. 95).

Cooper Tire now filed such a motion.

**ANALYSIS**

As grounds for its motion to strike Currie's deposition testimony, Cooper Tire makes three arguments. First, it argues that Plaintiffs' counsel earlier made false representations to the Court with regard to the earlier emergency motion for protective order prohibiting Currie's deposition. Specifically, Cooper Tire asserts that Plaintiffs' counsel falsely represented that they intended to question Currie regarding documents he had authored or received while a Cooper Tire employee, but that during the deposition Currie testified that he had neither authored nor received while employed any of the documents about which he was questioned.

Second, Cooper Tire asserts that Currie committed perjury by testifying falsely in response to questions whether he had previously seen or had been advised about certain documents about which he was questioned during his deposition.

Third, Cooper Tire argues that it is impermissible for Plaintiffs' counsel to characterize Currie as a "fact witness" in this case while simultaneously paying Currie as an expert witness in other unrelated tire litigation (Docket Entry No. 136).

In response, Plaintiffs deny that they have misrepresented the nature of Currie's expected deposition testimony, and

3

they further deny that Currie has testified falsely regarding his awareness of certain documents discussed during his deposition (Docket Entry No. 133).

Finally, Plaintiffs argue that Currie is not testifying as an expert witness in this case but instead is testifying as a "fact witness." Plaintiffs argue that Cooper Tire's motion to strike Currie's deposition testimony should be denied.

Rule 701 of the Federal Rules of Evidence provides that if a witness is not testifying as an expert, his testimony in the form of an opinion is limited to one that is "rationally based on the witness's perception," and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

Rule 702 provides in pertinent part that a witness who is qualified as an expert "by knowledge, skill, experience, training, or education" may testify in the form of an opinion or otherwise if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."

As a threshold determination, the undersigned Magistrate Judge finds that it is necessary to determine whether Mr. Currie's deposition testimony is that of a lay witness governed by Rule 701 or, instead, that of an expert witness governed by Rule 702. The advisory committee notes regarding the 2000 Amendment to Rule 701 provides some assistance. These advisory committee notes state in pertinent part as follows:

> The amendment makes clear that any part of a witness' testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702 and the corresponding disclosure requirements of the Civil and Criminal Rules.
>
> * * *
>
> In *Brown* [*State v. Brown*, 836 S.W.2d 530, 549 (Tenn. 1992)], the court declared that the distinction between lay and expert witness testimony is that lay testimony "results from a process of reasoning familiar in everyday life," while expert testimony "results from a process of reasoning which can be mastered only by specialists in the field."
>
> * * *
>
> That is the kind of distinction made by the amendment to this Rule.

Likewise, the advisory committee notes to the 1972 Proposed Rule 702, pertaining to expert testimony, states in part:

> Similarly, the expert is viewed not in a narrow sense, but as a person qualified by "knowledge, skill, experience, training or education." Thus within the scope of the rule are not only experts in the strictest sense of the word, *e.g.*, physicians, physicists, and architects, but also the large group sometimes called "skilled" witnesses, such as bankers or landowners testifying to land values.

The undersigned Magistrate Judge has reviewed the transcript of Currie's deposition in this case (Docket Entry No. 136-1). From this testimony, the undersigned Magistrate Judge concludes that Currie here is clearly and unmistakably testifying as an expert witness and not as a lay witness, since his testimony is clearly based upon his "scientific, technical, or other specialized knowledge" in the field of tire design and manufacture. Throughout the deposition, Plaintiffs' counsel asked Currie to

5

review certain documents, presumably produced in discovery by Cooper Tire, and to define certain technical terms found in those documents. By way of example, which is by no means exhaustive, Currie is asked to define such terms as "adjustment data," "claims data," "claims tires" (Docket Entry No. 136 at 7), "belt edge gum strip," "nylon overwrap," "nylon cap plies" (*Id*. at 8), "liner imprints" (*Id*. at 13), and "liner gauge" (*Id*. at 17). Moreover, Currie was repeatedly asked whether he agreed with statements read to him from various documents. By way of example only, he was asked whether a particular statement read from a document was "consistent with general knowledge about spiral nylon overwraps while [he was] at Cooper Tire" (*Id*. at 15), and whether he "[has] any reason to question the fact that allowing air to permeate through the liner into the belt region can result in degradation of the belt coat stock and ultimate failure" (*Id*. at 17). These questions are typical of questions directed to Currie by Plaintiffs' counsel throughout this deposition.

It is undisputed that Currie has not been disclosed as an expert witness in this case, nor have the requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure been satisfied with respect to Currie. Because the undersigned finds that Currie's testimony is based upon his "scientific, technical, or other specialized knowledge," his testimony is expert in nature and must be excluded for failure to comply with Rule 26(a)(2). In addition, the undersigned suspects, but does not find, that to allow Currie to testify as an expert in this case would violate the terms of the

consent judgment entered in the Ohio state court matter referenced above.

For the reasons stated above, the undersigned finds that Defendant Cooper Tire's motion to strike the deposition testimony of Bruce Currie (Docket Entry No. 136) should be **GRANTED**.

It is so **ORDERED**.

    /s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge